IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACQUELINE D. BENNINGS                                                                    PLAINTIFF

vs.                                         Civil No. 4:08-cv-04066

MICHAEL J. ASTRUE                                                                         DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Jacqueline D. Bennings ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her applications for disability on June 27, 2005.  (Tr. 12, 41).  Plaintiff alleged she was disabled due to migraine headaches, herniated discs with resulting back pain, left knee pain, sleep apnea, fatigue, obesity, generalized anxiety disorder, and depression.  (Tr. 12-14, 59, 90, 103, 105, 109, 119-120).  Plaintiff alleged an onset date of December 21, 2004.  (Tr. 12, 41).  Plaintiff's

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

applications were initially denied on February 10, 2006 and were denied again on reconsideration on July 6, 2006.  (Tr. 28-29, 376-377).  On July 20, 2006, Plaintiff requested an administrative hearing on her applications.  (Tr. 26).  This hearing request was granted, and an administrative hearing was held on November 9, 2007 in Harrison, Arkansas.  (Tr. 387-448).  Plaintiff was present and was represented by counsel, Ashley Hunt, at this hearing.  *See id.*  Plaintiff, Plaintiff's sister (Evelyn Ann Murphy), and Vocational Expert ("VE") Patty Kent testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was thirty-one (31) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had received her high school diploma.  (Tr. 393-394).

On February 21, 2008, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 12-17).  In this decision, the ALJ determined Plaintiff met the disability insured status requirements of the Act at all times relevant to her opinion.  (Tr. 16, Finding 1).  The ALJ determined Plaintiff had not engaged in any Substantial Gainful Activity ("SGA").  (Tr. 16, Finding 2).  The ALJ determined Plaintiff had the following severe impairments or combination of impairments: back pain, mild anxiety, obesity, periodic migraine headaches, and left knee discomfort.  (Tr. 16, Finding 3).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 16, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 16, Findings 4-5).  First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed

limitations were not entirely credible. (Tr. 12-16, Finding 4). Second, the ALJ determined, based upon her review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the exertional requirements of sedentary work but was also subject to non-exertional limitations. (Tr. 14-16, Finding 5). Specifically, the ALJ determined Plaintiff retained the following RFC:

> I find that at all times material hereto the claimant has had the residual functional capacity for the ability to lift and carry up to 10 pounds occasionally and less than 10 pounds frequently; the ability to sit for a total of 6 hours in an eight-hour day; the inability to stand/walk for more than a total of 2 hours in an eight-hour day; the inability to climb scaffolds, ladders or ropes; the ability to perform occasional stooping, kneeling, bending, squatting, balancing, crouching, crawling, and climbing of ramps and stairs; the inability to operate dangerous equipment, tools or machinery; the inability to work at dangerous unprotected heights; the ability to perform jobs which involve only non-complex simple instructions, use of little judgment, and routine/repetitive tasks which are learned by rote with few variables, which involve only superficial contact incidental to work with the public and co-workers, and which involve supervision which is direct, concrete and specific; the need to avoid exposure to concentrated dust, fumes, smoke, chemicals or noxious gasses; and the inability to operate private passenger automobiles as a part of a job.

*See id.*

The ALJ then determined that Plaintiff would be unable to perform her Past Relevant Work ("PRW"). (Tr. 16, Finding 7). Plaintiff and the VE testified at the administrative hearing regarding this issue. (Tr. 387-448). Specifically, the VE testified that Plaintiff's PRW included work as a deli cashier, fast food worker, substitute teacher, line worker, restaurant cook, restaurant cook, and security guard. *see id.* Based upon this testimony and considering her RFC, the ALJ determined that Plaintiff would be unable to perform any of this PRW. (Tr. 16, Finding 7).

However, the VE also testified that a hypothetical person with Plaintiff's RFC, age, work experience, and education would be able to perform work as a small parts assembler with 1,500 such

jobs in Arkansas and 105,975 such jobs in the United States or as a general office clerk with 499 such jobs in Arkansas and 62,600 such jobs in the United States. (Tr. 16, Finding 12). Based upon this testimony, the ALJ determined that there were a significant number of jobs in the national economy which Plaintiff could perform despite her limitations and that Plaintiff had not been under a disability as defined in the Act at any time through the date of the ALJ's decision. (Tr. 16-17, Findings 12-13).

On March 6, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On May 30, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4). On August 4, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on August 25, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 6-7). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by failing to consider her impairments in combination: (B) the ALJ erred by improperly assessing her subjective complaints of pain; and (C) the ALJ erred by finding she retained the RFC to perform sedentary work.  (Doc. No. 6, Pages 2-20).  In response, Defendant argues that the ALJ properly considered the combined effects of Plaintiff's impairments, properly assessed Plaintiff's credibility and discounted her subjective complaints for legally-sufficient reasons, and properly assessed her RFC. (Doc. No. 7, Pages 3-10).  Because this Court finds the ALJ failed to develop the record in this case and failed to properly assess Plaintiff's RFC, this Court will only address Plaintiff's third argument for reversal.

The ALJ has the duty to fully and fairly develop the record, even when the claimant is represented by counsel.  *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004).  Pursuant to 20 C.F.R. § 404.1512(f), as a part of this duty, the ALJ may be required to order a consultative examination if the medical records are incomplete or inadequate.  *See* 20 C.F.R. § 404.1512(f) (stating that "[i]f the information we need is not readily available from the records of your medical treatment source, or we are unable to seek clarification from your medical source, we will ask you to attend one or more consultative examinations at our expense.").

In the present action, on February 6, 2006, Plaintiff was examined by a consultative physician during a general physical examination.  (Tr. 251-256).  This physician noted that Plaintiff suffered from lower back pain but that Plaintiff needed a MRI or CT scan of her back so that the physician

could fully evaluate Plaintiff's lower back pain. *See id.* However, despite this finding by the consultative physician, it appears that no MRI or CT scan was ever obtained. (Tr. 339, 344, 374-375). The ALJ herself noted that Plaintiff did not have any updated testing: "There is a note from the Harrison Family Practice Clinic from January 2006 indicating some degenerative disc disease in multiple levels of the lumbar spine, but there is no record of imaging, x-rays or other diagnostic testing to back this up." (Tr. 14). It also appears that these tests were not obtained because of Plaintiff's inability to pay for that testing (Tr. 409-410).[2]

After reviewing the record in this case, this Court has been unable to evaluate and review Plaintiff's claimed back impairment without this additional testing. Accordingly, this Court finds this case must reverse and remanded for this additional testing.[3]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **21st day of August, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Indeed, for a person with a limited ability to pay for such treatment/medication, Plaintiff's treatment history is impressive. She sought free or low-cost treatment from Charitable Christian Medical Clinic from December 30, 2004 until August 9, 2007. (Tr. 242-250, 297-315).

[3] This remand is for the sole purpose of ordering additional testing. The ALJ is not required to award disability benefits simply because this case has been remanded, and this order should not be interpreted in that manner. On remand, the ALJ should also ensure the record is complete and should order any additional testing that is necessary.

7